**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

DAVID C. OSBORNE,           )
                               )
                 Plaintiff,   )
                               )
v.                            )     Case No. CIV-05-594-F
                               )
JO ANNE B. BARNHART,     )
Commissioner of the Social Security  )
Administration,               )
                               )
                 Defendant.  )

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff David C. Osborne seeks judicial review of the final decision by the Defendant Commissioner denying his application for disability insurance benefits and supplemental security income benefits (SSI benefits). This matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Commissioner has answered and filed the administrative record ("AR"). Both parties have briefed their respective positions, and the matter is now at issue. For the reasons stated below, it is recommended that the Commissioner's decision be affirmed.

I.     <u>Procedural History</u>

Plaintiff filed an application for disability insurance benefits and supplemental security income benefits alleging an inability to work since October 30, 2002, based on injuries he sustained when he fell from a ladder. AR 63. Plaintiff's applications were denied initially and on reconsideration. AR 21, 22, 196, 200. Subsequently, an Administrative Law Judge (ALJ) held a hearing, and after consideration of the evidence, the

ALJ found that Plaintiff is not disabled.  AR 12-19.  The Appeals Council received new material from Plaintiff, but it ultimately denied Plaintiff's request for review.  AR 5-9. Therefore, the decision of the ALJ is the final decision of the Commissioner.

## II.    The ALJ's Disability Determination

The ALJ followed the sequential evaluation process required by 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920.  He first determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  AR 13, 18.

At step two, the ALJ determined that Plaintiff suffers from severe impairments including post cervical diskectomy and fusion, degenerative disk disease of the lumbar spine, and hypertension.  AR 13, 18.

At step three, the ALJ found no impairment or combination of impairments that meets or equals the criteria of any listed impairment described in the regulations.  AR 13, 18.

At step four, the ALJ determined that Plaintiff has the  residual functional capacity (RFC) to perform a significant range of light work as well as sedentary work.  AR 17, 18. Based on Plaintiff's RFC, the ALJ concluded that Plaintiff cannot perform any of his past relevant work.  AR 16, 18.

At step five, the ALJ concluded that there are a significant number of jobs existing in the national economy which Plaintiff can perform including bench assembler, rental clerk, order clerk and surveillance system monitor.  AR 17, 19.  In arriving at this conclusion, the ALJ relied on the testimony of a vocational expert (VE).

2

III.    **Plaintiff's Claims Raised on Appeal**

Plaintiff claims that this case should be reversed and remanded because the ALJ's RFC did not include all of Plaintiff's physical limitations.  Specifically, Plaintiff argues that the ALJ failed to properly develop the record because he failed to obtain a doctor's report that was referenced in the report of a second doctor.  He also contends that the Appeals Council failed to develop the record by rejecting the findings of a mental status examination conducted after the ALJ's decision and after Plaintiff was last insured for disability benefits. Further, Plaintiff claims the ALJ failed to properly analyze the allegations of disabling pain and improperly assessed Plaintiff's credibility.

IV.    **Standard of Review**

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision.  *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole, and whether the correct legal standards were applied.  *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005).  "[S]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Doyal* at 760 (quotation omitted).  A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it.  *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court considers whether specific rules of law were followed in weighing

particular types of evidence in disability cases, but the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner.  *Hackett*, 395 F.3d at 1172.

## V.  Analysis

### A.  The ALJ's Development of the Record

Plaintiff contends that the ALJ erred in failing to fully develop the record.  According to Plaintiff, the ALJ should have procured and considered a July 2003 report prepared by Dr. Lance Rosson for the attorney representing Plaintiff in his worker's compensation case.  The report in question was referenced by Dr. Kent C. Hensley who examined Plaintiff on August 19, 2003, for a workers' compensation evaluation and rating.  Dr. Hensley's report presented an account of Plaintiff's on-the-job accident, reviewed the resulting medical history, and stated the results of Dr. Hensley's independent examination of Plaintiff.  In reviewing the medical history following Plaintiff's accident, Dr. Hensley notes that Plaintiff "was seen by Dr. Rosson on July 8, 2003[,] and was rated."  AR 140.  This is the only reference to Dr. Rosson's July 8, 2003 report, and there is no indication that Dr. Hensley relied upon the report.[1]

"When he considers an issue, an ALJ 'has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing.'" *Grogan v. Barnhart*, 399 F.3d 1257, 1264 (10th Cir. 2005) (*citing Carter v. Chater*, 73 F.3d 1019, 1022 (10th Cir. 1996)).  But a claimant is taxed with the duty to support his

---

[1]The record does contain an earlier report from Dr. Rosson dated January 12, 2003.  *See* AR 93-96.

claim of disability by furnishing medical or other evidence to the ALJ in the first instance. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a).   In the instant case, however, the report in question was not presented as evidence by Plaintiff's representative at the September 27, 2004, hearing before the ALJ.   During the hearing, the ALJ listed the evidence presented and asked if there were additional documents.   Plaintiff's attorney replied, "No there are not, Your Honor.  The case is developed."  AR 214.   A review of the hearing transcript reveals that nothing said during the hearing should have alerted the ALJ to any need to obtain Dr. Rosson's July 2003 report.   Moreover, when Plaintiff's attorney submitted new evidence to the Appeals Council, Dr. Rosson's July 2003 report was not among the materials.   Finally, Plaintiff has not indicated what the report states or how it might have influenced the ALJ's decision.   Reversal of the ALJ's decision is not warranted on this basis.

**B.**     **The Appeals Council's Consideration of New Evidence**

Plaintiff also contends that the Appeals Council erred in failing to fully develop the record.   Plaintiff states that the Appeals Council should have further developed the record "to determine the appropriate onset date of any mental impairment from which [Plaintiff] may suffer."   Plaintiff's Brief at 11.   Plaintiff's contention is based on a mental status examination performed by Dr. Jerry White on December 13, 2004, submitted to the Appeals Council two months after the ALJ's decision.   As to Dr. White's evaluation, the Appeals Council stated:

> We also looked at Dr. White's psychological evaluation dated December 13, 2004.  The Administrative Law Judge decided your case through March 31,

2004, the date you were last insured for disability benefits.  This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled at the time you were last insured for disability benefits.  It also does not affect the Supplemental Security Income claim because there is no evidence to support a Global Assessment of functioning score of 45 prior to the date of Dr. White's evaluation.

AR 6.

The Social Security regulations specify how the Appeals Council must handle newly submitted evidence:

If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision.  The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision.  It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. §§ 404.970(b) and 416.1470(b).

In this case, as the Commissioner notes, Plaintiff did not claim to be suffering from any severe mental impairment either in his application for benefits (AR 63-70, 79-84) or in the hearing before the ALJ.  AR 215-237.  Dr. White's assessment does not appear to be material to the impairments claimed by Plaintiff during the period in question.  Further, the record is devoid of any evidence that Plaintiff suffered any type of mental impairment before Dr. White's evaluation.  Dr. White's assessment of "GAF Score 45 – severe impairment in overall functioning past year," AR 209, is not supported by any other evidence in the record.  Moreover, the report assesses Plaintiff as an individual with average intellectual functioning

with a possible learning disability relating to written expression, who had reported no emotional or behavioral problems requiring the attention of mental health professionals during the period in question, who had adequate reality contact and was appropriately oriented, and who exhibited little indication of any serious thought or mood disturbance. However, Dr. White notes that at the time of the testing, Plaintiff was "experiencing a heightened state of tension and anxiety as he struggles to regain his pre-injury level of functioning and to find a job with which to support himself." AR 209. The report states that Plaintiff has the intelligence and skills "for a variety of work areas" and recommends vocational guidance and counseling. AR 210. This assessment does not suggest any need for further development of the record, nor does it call into question any actions, findings or conclusions of the ALJ.

The Appeals Council's consideration of the new evidence was not erroneous, and nothing in the new evidence suggested a need to further develop the record.

### C.   The ALJ's Assessment of Plaintiff's Pain and Credibility

Plaintiff also takes issue with the ALJ's conclusion that Plaintiff's testimony regarding his subjective complaints of pain were not fully credible. To be considered disabling, pain must be so severe, either by itself or combined with other impairments, that it precludes any substantial gainful employment. *See Brown v. Bowen*, 801 F.2d 361, 362-363 (10th Cir. 1986). "A claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). Rather, "[b]efore

the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain." *Id.* (citations omitted).  The Tenth Circuit Court of Appeals has explained the proper analysis of subjective allegations of pain:

> The framework for the proper analysis of Claimant's evidence of pain is set out in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Id.* (quotation omitted).

In this case, Plaintiff testified that he was and is unable to work because of neck and back pain, severe headaches, and numbness in his right hand.  AR 224.  He testified that the surgery performed on his neck did not fix his neck problem.  *Id.*  He testified that he cannot turn his head quickly and that his neck still swells.  AR 225.  Plaintiff testified that his right arm is numb three or four times per week and that the neck surgery helped the problem but did not correct it.  He further stated that he cannot move his middle and ring fingers.  AR 226.  Plaintiff stated that his whole hand sometimes becomes numb, that he cannot make a fist, and that the numbness affects the strength in his right hand.  AR 227-228.  Plaintiff described severe pain in his lower back which he suffers every day, all day.  AR 229.  He stated that he could not lift anything over fifteen pounds without having severe pain which

would require him to take medicine and sit down for about four hours with a heating pad. AR 230.  Plaintiff testified that three to four times per week he has headaches that radiate from the back of his head to his temple and last for one hour or longer.  AR 231.  To cope with the headaches, Plaintiff stated that he must lie down for at least an hour.  AR 232.

The ALJ found that Plaintiff's severe impairments include "status post cervical diskectomy and fusion" and "degenerative disk disease of the lumbar spine." AR 13.  These conditions could produce pain and there is at least a loose nexus between these conditions and the pain Plaintiff described in his testimony.  In considering all the evidence in the record, however, the ALJ concluded that Plaintiff's testimony regarding his pain is not fully credible.  The ALJ pointed to numerous inconsistencies between Plaintiff's testimony and other evidence in the record including medical records:

> The claimant states that he has constant low back pain that prevents him from performing most activities.  The record shows the claimant has mild stenosis at L3 and L4, but there are no records to show that the claimant's low back condition significantly limits his activities.  The clamant testified he can only sleep 3 hours per night but in July 2003 the claimant reported he slept 7 hours per night (Exhibit 4E).  The claimant stated he has not [sic] strength in the right hand and drops things with that hand, but in August 2003 he had full grip and strength in both upper extremities.  With respect to the opinions of claimant's treating and examining physicians, the undersigned notes that the claimant has been released to return to work without any restrictions.  In consideration of the entire evidence of record, the undersigned must conclude that the claimant's impairments are not so limiting as to prevent all work-related activities.

AR 16.  The ALJ's credibility findings are supported by substantial evidence in the record. First, in a letter dated February 3, 2003, Dr. Bruce D. Pendleton stated that he had reviewed

the MRI scan of Plaintiff's lumbar spine and that it "shows degenerative changes with some mild stenosis at L3 and L4." AR 135. Although Dr. Pendleton recommended a cervical diskectomy, he recommended that Plaintiff's lumbar stenosis "be treated medically at this time." AR 135. Nothing in the record indicates that the mild stenosis in Plaintiff's lumbar spine became worse after Dr. Pendleton's report.

After Dr. Pendleton performed the diskectomy on Plaintiff's neck, he stated in a letter dated May 27, 2003, that Plaintiff had "some functional disuse to his middle and ring finger of his right hand but he is not having any significant arm pain." AR 131. Dr. Pendleton described Plaintiff's residual neck pain as "mild" with some "stiffness," but nevertheless stated that Plaintiff would be released "back to full employment without restrictions on Monday June 9th 2003." AR 131.

Finally, the Physical Residual Functional Capacity Assessment, AR 144-151, dated August 29, 2003, states that "pain is reflected in this RFC." AR 146. This assessment supports the ALJ's RFC finding that Plaintiff can perform light work.

The ALJ's findings regarding Plaintiff's credibility and pain are supported by substantial evidence in the record and do not provide grounds for reversal of the Commissioner's decision.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any such objections must be filed with the Clerk of the District Court by February ___16th___, 2006.  *See* LCvR72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this ___27th___ day of January, 2006.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE